UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

T.H., individually and as next friend to minor child J.H.;
K.P., as next friend to minor child W.P.;
K.J., individually and as next friend to minor child J.R.;
C.J., individually and as next friend to minor child J.M.;
Y.P., individually and as next friend to minor child N.R.,
M.E., individually and as next friend to minor child D.E.,

                                          Plaintiffs,

                         -against-

DENNIS WALCOTT, as Chancellor of the New York
City Department of Education, the NEW YORK CITY
DEPARTMENT OF EDUCATION, the CITY OF NEW
YORK, SALVATORE CASSANO, as Commissioner of
the Fire Department of New York, and JOHN/JANE
DOE #'s 1-28 in their individual capacities,

                                        Defendants.

-------------------------------------------------------------------- x

13 Civ. 8777 (JMF)(JLC)

**ANSWER**

        Defendants, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully allege as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff students' wills and trauma.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what the families can afford and which plaintiffs are the parents of which students.

3.     Deny the allegations set forth in paragraph "3" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding what "the plaintiffs' ordeals" are.

4.     Deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiffs purport to proceed as stated therein, and to the extent that Plaintiffs seek relief, deny that Plaintiffs are entitled to such relief.

5.     Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiffs purport to invoke this Court's jurisdiction as stated therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

6.     Deny the allegations set forth in paragraph "6" of the Complaint, except admit that Plaintiffs purport to invoke this Court's jurisdiction as stated therein, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

7.     Deny the allegations set forth in paragraph "7" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

8.     Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Plaintiffs purport to lay venue in this judicial district, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

9.     Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the full names of the minor plaintiffs were provided to Defendants, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, and affirmatively state that Carmen Farina is the Chancellor of the New York City Department of Education ("DOE"), except admit that Plaintiffs purport to proceed as stated therein, and respectfully refer the Court to New York Education Law § 2590 et seq. for a complete and accurate description of the organization, powers, purpose, and legal status of the DOE and the Chancellor.

22.     Admit the allegations set forth in paragraph "22" of the Complaint, except deny the allegations regarding the amount of funding received by DOE each year.

23.     Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Defendant City of New York is a municipal corporation duly incorporated and existing pursuant to the laws of the State of New York, and admit that FDNY is an agency within the City of New York.

24.     Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Salvatore Cassano is the Commissioner of the FDNY, and admit that Plaintiffs purport to proceed as stated therein.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.     Admit that Plaintiffs purport to proceed as set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint, and respectfully refer the Court to the constitutional amendments cited therein for a complete and accurate statement of their contents.

28.     Deny the allegations set forth in paragraph "28" of the Complaint, and respectfully refer the Court to the constitutional amendments cited therein for a complete and accurate statement of their contents.

29.     Deny the allegations set forth in paragraph "29" of the Complaint, and respectfully refer the Court to the constitutional amendments cited therein for a complete and accurate statement of their contents.

30.     Deny the allegations set forth in paragraph "30" of the Complaint, and respectfully refer the Court to the constitutional amendments cited therein for a complete and accurate statement of their contents.

31.     Deny the allegations set forth in paragraph "31" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

33.     Deny the allegations set forth in paragraph "33" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

34.     Deny the allegations set forth in paragraph "34" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

36.     Deny the allegations set forth in paragraph "36" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

37.     Deny the allegations set forth in paragraph "37" of the Complaint, and respectfully refer the Court to the statutes and regulations cited therein for a complete and accurate statement of their provisions.

38.     Deny the allegations set forth in paragraph "38" of the Complaint, and respectfully refer the Court to the statute and regulations cited therein for a complete and accurate statement of their provisions.

39.     Deny the allegations set forth in paragraph "39" of the Complaint, and respectfully refer the Court to the statutes and regulations cited therein for a complete and accurate statement of their provisions.

40.     Deny the allegations set forth in paragraph "40" of the Complaint, and respectfully refer the Court to the statutes and regulations cited therein for a complete and accurate statement of their provisions.

41.     Deny the allegations set forth in paragraph "41" of the Complaint, and respectfully refer the Court to the statutes and regulations cited therein for a complete and accurate statement of their provisions.

42.     Deny the allegations set forth in paragraph "42" of the Complaint, and respectfully refer the Court to the statutes and regulations cited therein for a complete and accurate statement of their provisions.

43.     Deny the allegations set forth in paragraph "43" of the Complaint, and respectfully refer the Court to the statutes and regulations cited therein for a complete and accurate statement of their provisions.

44.     Deny the allegations set forth in paragraph "44" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

45.     Deny the allegations set forth in paragraph "45" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

46.     Deny the allegations set forth in paragraph "46" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

47.     Deny the allegations set forth in paragraph "47" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

48.     Deny the allegations set forth in paragraph "48" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

49.     Deny the allegations set forth in paragraph "49" of the Complaint, and respectfully refer the Court to the regulation cited therein for a complete and accurate statement of its provisions.

50.     Deny the allegations set forth in paragraph "50" of the Complaint, and respectfully refer the Court to the regulation cited therein for a complete and accurate statement of its provisions.

51.     Deny the allegations set forth in paragraph "51" of the Complaint, and respectfully refer the Court to the regulation cited therein for a complete and accurate statement of its provisions.

52.     Deny the allegations set forth in paragraph "52" of the Complaint, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

53.     Deny the allegations set forth in paragraph "53" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

54.     Deny the allegations set forth in paragraph "54" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

55.     Deny the allegations set forth in paragraph "55" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

56.     Deny the allegations set forth in paragraph "56" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

57.     Deny the allegations set forth in paragraph "57" of the Complaint, and respectfully refer the Court to the regulation cited therein for a complete and accurate statement of its provisions.

58.     Deny the allegations set forth in paragraph "58" of the Complaint, and respectfully refer the Court to the regulation cited therein for a complete and accurate statement of its provisions.

59.     Deny the allegations set forth in paragraph "59" of the Complaint, and respectfully refer the Court to the regulation cited therein for a complete and accurate statement of its provisions.

60.     Deny the allegations set forth in paragraph "51" of the Complaint, and respectfully refer the Court to the article cited therein for a complete and accurate statement of its provisions.

61.     Deny the allegations set forth in paragraph "61" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

62.     Deny the allegations set forth in paragraph "62" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

63.     Deny the allegations set forth in paragraph "63" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

64.     Deny the allegations set forth in paragraph "64" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

65.     Deny the allegations set forth in paragraph "65" of the Complaint, except admit that the DOE has issued Chancellor's Regulations, and respectfully refer the Court to those regulations for a complete and accurate statement of their contents.

66.     Deny the allegations set forth in paragraph "66" of the Complaint, and respectfully refer the Court to the Chancellor's Regulation cited therein for a complete and accurate statement of its provisions.

67.     Deny the allegations set forth in paragraph "67" of the Complaint, and respectfully refer the Court to the Chancellor's Regulation cited therein for a complete and accurate statement of its provisions.

68.     Deny the allegations set forth in paragraph "68" of the Complaint, and respectfully refer the Court to the Chancellor's Regulation cited therein for a complete and accurate statement of its provisions.

69.     Deny the allegations set forth in paragraph "69" of the Complaint, and respectfully refer the Court to the Chancellor's Regulation cited therein for a complete and accurate statement of its provisions.

70.     Deny the allegations set forth in paragraph "70" of the Complaint, and respectfully refer the Court to the regulations of the FDNY for a complete and accurate statement of their contents and provisions.

71.     Deny the allegations set forth in paragraph "71" of the Complaint, and respectfully refer the Court to the Operating Guide Procedure cited therein for a complete and accurate statement of its contents.

72.     Deny the allegations set forth in paragraph "72" of the Complaint, and respectfully refer the Court to the Operating Guide Procedure cited therein for a complete and accurate statement of its contents.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     Deny the allegations set forth in paragraph "74" of the Complaint, except admit that the New York City Council Education and Mental Health Committees conducted a public hearing on May 1, 2012.

75.     Deny the allegations set forth in paragraph "75" of the Complaint, and respectfully refer the Court to the article cited therein for a complete and accurate statement of its contents.

76.     Deny the allegations set forth in paragraph "76" of the Complaint.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint, except admit that J.H. is six years

old, has been enrolled at Grant Avenue Elementary School since September 2012, and is a student with a disability.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Complaint.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the Complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "84" of the Complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the Complaint.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Complaint.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "90" of the Complaint.

91.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the Complaint.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Complaint.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the Complaint.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Complaint.

97.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Complaint.

98.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the Complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Complaint.

100.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint.

101.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Complaint.

102.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Complaint.

103.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Complaint.

104.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "104" of the Complaint.

105.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the Complaint.

106.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the Complaint, except admit that the DOE evaluated J.H. for special education services.

107.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Complaint.

108.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the Complaint, except admit that J.H. was classified as emotionally disturbed, was found eligible for special education services and was placed in a 12:1:1 class program at Grant Avenue Elementary School for the 2013-2014 school year.

109.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint.

110.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the Complaint.

112.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether "J.H. is no longer eager to go to school, is afraid of and dislikes the police, and is afraid of going to the hospital."

114.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "114" of the Complaint, except admit that W.P. is five years old and has been enrolled at NEST+M since September 2013 and is a student with a disability.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "115" of the Complaint.

116.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "116" of the Complaint.

117.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "117" of the Complaint.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "118" of the Complaint.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "119" of the Complaint.

120.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "120" of the Complaint.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "121" of the Complaint.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "122" of the Complaint.

123.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "123" of the Complaint.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Complaint.

125.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "125" of the Complaint.

126.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "126" of the Complaint, except admit that J.R. has been enrolled at P.S. 149 in Manhattan since January 16, 2013, is currently in the first grade, and is a student with a disability.

127.    Admit the allegations set forth in paragraph "127" of the Complaint.

128.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the Complaint.

129.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "129" of the Complaint.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" of the Complaint.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "131" of the Complaint.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "132" of the Complaint.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "133" of the Complaint.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "134" of the Complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "135" of the Complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the Complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "139" of the Complaint.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "140" of the Complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "141" of the Complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "142" of the Complaint.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "143" of the Complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "144" of the Complaint.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "145" of the Complaint.

146.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "146" of the Complaint.

147.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "`147" of the Complaint.

148.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "148" of the Complaint, except admit that J.M. is 15 years old, has been enrolled at Astor Collegiate Academy since April 4, 2013, and that prior to that time, J.R. was enrolled at Lehman High School from September 2013 to April 4, 2013.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "149" of the Complaint, except admit that J.M. is a student with a disability.

150.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "150" of the Complaint.

151.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Complaint.

152.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Complaint.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the Complaint.

154.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the Complaint.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the Complaint.

156.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "156" of the Complaint.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "157" of the Complaint.

158.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the Complaint.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the Complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "160" of the Complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "161" of the Complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the Complaint.

163.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "163" of the Complaint.

164.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the Complaint.

165.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Complaint.

166.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the Complaint.

167.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Complaint.

168.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "168" of the Complaint.

169.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "169" of the Complaint.

170.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "170" of the Complaint.

171.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the Complaint.

172.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the Complaint.

173.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the Complaint, except admit that J.R. was enrolled at Astor Collegiate Academy in April 2013.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "174" of the Complaint.

175.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "175" of the Complaint, except admit that N.R. is six years old, has been enrolled at P.S. 19 in Queens since February 26, 2013, and prior to that time was enrolled at P.S. 165 in Queens, and is a student with a disability.

176.    Admit the allegations set forth in paragraph "176" of the Complaint.

177.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "177" of the Complaint.

178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Complaint.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Complaint.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the Complaint.

181.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the Complaint.

182.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the Complaint.

183.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "183" of the Complaint.

184.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "184" of the Complaint.

185.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "185" of the Complaint.

186.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "186" of the Complaint.

187.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "187" of the Complaint.

188.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "188" of the Complaint.

189.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "189" of the Complaint.

190.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "190" of the Complaint.

191.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "191" of the Complaint.

192.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "192" of the Complaint.

193.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "193" of the Complaint.

194.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "194" of the Complaint.

195.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "195" of the Complaint, except admit that D.E. is seven

years old and was enrolled at P.S. 255 in Brooklyn from September 2011 until February 17, 2012.

196.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "196" of the Complaint, except admit that D.E. is a special education student and that he was enrolled in a district 75 special education program at P.S. 226 in Manhattan from September 29, 2009 to June 2011.

197.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "197" of the Complaint.

198.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "198" of the Complaint, except admit that D.E. was assigned to a 12:1:1 kindergarten classroom at P.S. 255.

199.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "199" of the Complaint.

200.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "200" of the Complaint.

201.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "201" of the Complaint.

202.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "202" of the Complaint.

203.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "203" of the Complaint.

204.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "204" of the Complaint.

205.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "205" of the Complaint.

206.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "206" of the Complaint.

207.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "207" of the Complaint.

208.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "208" of the Complaint.

209.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "209" of the Complaint.

210.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "210" of the Complaint.

211.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "211" of the Complaint.

212.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "212" of the Complaint.

213.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "213" of the Complaint.

214.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "214" of the Complaint.

215.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "215" of the Complaint.

216.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "216" of the Complaint.

217.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "217" of the Complaint.

218.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "218" of the Complaint, except admit that in February 2012, the DOE recommended that D.E. be placed in a 6:1:1 program.

219.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "219" of the Complaint.

220.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "220" of the Complaint, except admit that Ms. E filed an impartial hearing request on or about May 4, 2012.

221.    Admit the allegations set forth in paragraph "221" of the Complaint.

222.    In response to paragraph "222" of the Complaint. Defendants repeat and reallege their responses to paragraphs "1" through "221" above as if fully set forth herein.

223.    Deny the allegations set forth in paragraph "223" of the Complaint.

224.    Deny the allegations set forth in paragraph "224" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

225.    In response to paragraph "225" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "224" above as if fully set forth herein.

226.    Deny the allegations set forth in paragraph "226" of the Complaint.

227.    Deny the allegations set forth in paragraph "227" of the Complaint.

228.    Deny the allegations set forth in paragraph "228" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

229.    In response to paragraph "229" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "228" above as if fully set forth herein.

230.    Deny the allegations set forth in paragraph "230" of the Complaint.

231.    Deny the allegations set forth in paragraph "231" of the Complaint.

232.    Deny the allegations set forth in paragraph "232" of the Complaint.

233.    Deny the allegations set forth in paragraph "233" of the Complaint.

234.    In response to paragraph "234" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "233" above as if fully set forth herein.

235.    Deny the allegations set forth in paragraph "235" of the Complaint.

236.    In response to paragraph "236" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "235" above as if fully set forth herein.

237.    Deny the allegations set forth in paragraph "237" of the Complaint.

238.    Deny the allegations set forth in paragraph "238" of the Complaint.

239.    Deny the allegations set forth in paragraph "239" of the Complaint.

240.    In response to paragraph "240" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "239" above as if fully set forth herein.

241.    Deny the allegations set forth in paragraph "241" of the Complaint.

242.    Deny the allegations set forth in paragraph "242" of the Complaint.

243.    Deny the allegations set forth in paragraph "243" of the Complaint.

244.    In response to paragraph "244" of the Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "243" above as if fully set forth herein.

245.    Deny the allegations set forth in paragraph "245" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

246.    Deny the allegations set forth in paragraph "246" of the Complaint, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions; to the extent that subparagraphs "1" through "10" seek relief, deny that Plaintiffs are entitled to such relief.

### FOR A FIRST DEFENSE:

247.    The Complaint fails to state a claim for which relief can be granted.

### FOR A SECOND DEFENSE:

248.    Plaintiffs' state law claims, if any, are barred by their failure to satisfy a necessary condition precedent to filing a suit against the City of New York.

### FOR A THIRD DEFENSE:

249.    Plaintiffs failed to exhaust the required administrative remedies prior to filing this action for some of the claims they assert.

### FOR A FOURTH DEFENSE:

250.    Certain of Plaintiffs' claims are barred by applicable statutes of limitations

### FOR A FIFTH DEFENSE:

251.    Plaintiffs have failed to allege sufficient personal involvement of any Defendant in a constitutional violation.

### FOR A SIXTH DEFENSE:

252.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### FOR A SEVENTH DEFENSE:

253.    At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably, properly, lawfully and with a good faith belief as to the lawfulness of their actions.

### FOR AN EIGHTH DEFENSE:

254.    To the extent Defendants Dennis Walcott, Salvatore Cassano, and John/Jane Doe #1-28 are being sued in their individual capacities, they are entitled to qualified immunity.

**WHEREFORE,** Defendants respectfully request a judgment dismissing the Complaint and denying all relief requested therein, and that the Court grant Defendants such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            February 24, 2014

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                               City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-167
                              New York, New York 10007
                              (212) 356-0883


                   By:    _____
                          ELIZABETH EDMONDS
                          Assistant Corporation Counsel

TO:   Nelson Mar, Esq.
      Tara Foster, Esq.
      Nancy Bedard, Esq.
      Christopher D. Lamb, Esq.
      *Attorneys for Plaintiffs T.H., J.H.,*
      *K.J., J.R., C.J., J.M., Y.P., N.R., M.E., and D.E.*
      Legal Services NYC
      349 E. 149th Street
      Bronx, NY 10451

      Mariann Wang
      *Attorney for Plaintiff W.P.*
      305 Broadway, Suite 607
      New York, NY 10007